UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re Anadarko Petroleum Corp. Class Action Litigation | § § § Civ. Action No. 4:12-cv-00900 |
| JERRY D. GOODWIN, Individually and On behalf of All Others Similarly Situated, Plaintiffs, v. ANADARKO PETROLEUM CORP., et al., Defendants. | § § § § § § § § § § § § |
| SHIRLEY HARRIS, Individually and On behalf of All Others Similarly Situated, Plaintiffs, v. ANADARKO PETROLEUM CORP., et al., Defendants. | § § § § § § § § § § § § § |

**DEFENDANTS' RELY IN SUPPORT OF MOTION TO TRANSFER
WITHIN THIS DISTRICT**

1. Lead Plaintiffs argue that they sought transfer to this District rather than to a particular judge. (Response at 3-4.) Of course, that is true because 28 U.S.C. § 1404(a) allows transfer to another district, not to a particular judge. *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.") (emphasis added). Lead Plaintiffs could not have sought transfer from the Southern District of New York to Judge Ellison even had they wanted to, and the fact that an impossible motion was not made is no reason to deny Defendants' motion to transfer within this District.

2. Furthermore, it is of no significance that Judge Gardephe did not indicate that the case should be assigned to Judge Ellison. (*See* Response at 2.) Assignment of cases is a matter of practice determined by the judges of this District. Judge Gardephe, who acted in accordance with the rules, would not have sought to interfere with the practice of this Court any more than this Court would have done so in the Southern District of New York. What is significant however, is that Judge Gardephe accepted Lead Plaintiffs' argument that the case should be transferred because of the efficiencies that would be gained by coordinating this case with the BP Securities Litigation pending before Judge Ellison. [*See* Dkt. No. 43 at 20.]

3. Lead Plaintiffs argue that the Court should not transfer the case because Defendants opposed transfer to the Southern District of Texas. (Response at 2.) Although it is true that Defendants opposed transfer to this District, Lead Plaintiffs' arguments regarding efficiency, judicial economy, and the experience of Judge Ellison won the day. Yet Lead Plaintiffs now they seek to repudiate the very arguments raised in their own motion to transfer. Lead Plaintiffs are essentially trying to have it both ways, by (1) telling Judge Gardephe that the case should be transferred to Houston because of Judge Ellison's experience with the Deepwater Horizon litigation, and (2) telling this Court that Judge Ellison's Deepwater Horizon litigation experience does not matter.

4. If Lead Plaintiffs' arguments were true in New York, they are just as true in Houston, and the Court should refuse to countenance such gamesmanship. Unfortunately, this type of conduct is not new for Lead Plaintiffs. In fact, Judge Gardephe observed similar conduct from Lead Plaintiffs' counsel when he ruled on their motion to transfer. [*See* Dkt. No. 43 at 12 (questioning the credibility of the arguments made by counsel for Lead Plaintiffs where they

signed onto a brief in another Deepwater Horizon-related case that contained "arguments inconsistent with those made here").]

5. Defendants did not delay seeking transfer of this case to Judge Ellison once it was assigned to this Court. Rather, Defendants contacted Lead Plaintiffs about transferring the case immediately upon its being docketed in the Southern District of Texas and after Defendants determined that the case had not been assigned to Judge Ellison. Prior to that point, there would have been nothing to file or to contact Lead Plaintiffs about.

6. Finally, while Defendants agree that both this Court and Judge Ellison are capable and experienced judges, plaintiffs cannot seriously take issue with the fact that Judge Ellison has extensive judicial experience with matters growing out of the Deepwater Horizon accident and that judicial economy and efficiency are best served by transferring this case to Judge Ellison.

7. Accordingly, Defendants request that the Court transfer this action to Judge Ellison.

Dated: April 6, 2012.               Respectfully submitted,

                                    */s/ Charles W. Schwartz*
                                    Charles W. Schwartz
                                    Fed. Bar No. 603
                                    Texas Bar No. 17861300
                                    Email: Charles.Schwartz@skadden.com
                                    Skadden, Arps, Slate,
                                       Meagher & Flom LLP
                                    1000 Louisiana, Suite 6800
                                    Houston, Texas 77002
                                    (713) 655-5160 – Telephone
                                    (713) 483-9160 – Facsimile

                                    *Attorney-in-charge for Defendants*
                                    *Anadarko Petroleum Corporation, James T.*
                                    *Hackett, Robert G. Gwin, and Robert P. Daniels*

*Of Counsel*

Jay B. Kasner
*(Admitted Pro Hac Vice)*
Email: Jay.Kasner@skadden.com
Susan Saltzstein
*(Pro Hac Vice Application Pending)*
Email: Susan.Saltzstein@skadden.com
Skadden, Arps, Slate,
   Meagher & Flom LLP
4 Times Square
New York, New York 10036-6518
(212) 735-2628 – Telephone
(917) 777-2628 – Facsimile

Daniel E. Bolia
Fed. Bar No. 1047602
Texas Bar No. 24064919
Email: Daniel.Bolia@skadden.com
Skadden, Arps, Slate,
   Meagher & Flom LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002
(713) 655-5113 – Telephone
(713) 483-9113 – Facsimile

4

## CERTIFICATE OF SERVICE

  I hereby certify that on April 6, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel who have registered with this Court. All others were served a copy via U.S. mail postage prepaid.

                */s/ Charles W. Schwartz*
                Charles W. Schwartz