UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re Anadarko Petroleum Corp. Class Action Litigation | § § § | Civ. Action No. 4:12-cv-00900 |
| JERRY D. GOODWIN, Individually and On behalf of All Others Similarly Situated, Plaintiffs, v. ANADARKO PETROLEUM CORP., et al., Defendants. | § § § § § § § § § § | |
| SHIRLEY HARRIS, Individually and On behalf of All Others Similarly Situated, Plaintiffs, v. ANADARKO PETROLEUM CORP., et al., Defendants. | § § § § § § § § § § § | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Anadarko Petroleum Corporation, James T. Hackett, Robert G. Gwin, and Robert P. Daniels submit this notice of supplemental authority to bring to the Court's attention certain cases decided since briefing closed on Defendants' motion to dismiss.  [*See* Dkt. Nos. # 34-40.]  Defendants submit this notice without waiving their pending Motion to Transfer within this District.  [Dkt. # 48.]  While Defendants believe that this case should be transferred to Judge Ellison, the supplemental authority referred to below will be helpful to whomever ultimately decides the case.

- *In re BP p.l.c. Sec. Litig.*, No. 4:10–md–2185, 2012 WL 468519 (S.D. Tex. Feb. 13, 2012) (the "Ludlow Action") (attached as Exhibit 1).  In the

Ludlow Action, Judge Ellison dismissed claims arising out of the BP Macondo well explosion based on alleged facts that were even more specific than those alleged here. There, plaintiffs alleged that BP's promise to make safety a priority and its expressions of commitment to safety were false and misleading. *Id.* at *36, *39. Judge Ellison rejected plaintiffs' argument, holding that such statements are not actionable under the securities laws because they are insufficiently particular, and are also immaterial to investors. *Id.* at *40-*41. Similarly, Judge Ellison held that plaintiffs failed to allege that BP's statements regarding its risk management were false and misleading because such statements "are simply too vague to be false or material." *Id.* at 34. Judge Ellison further held that plaintiffs failed to allege the requisite scienter because their allegations rested on the defendants' positions as corporate executives and their receipt of incentive compensation, instead of particularized allegations of specific reports or red flags demonstrating the falsity of the statements made. *Id.* at *42-*44. Judge Ellison's reasoning in the Ludlow Action applies with even greater force here, as Anadarko was merely a passive investor in the Macondo well, whereas BP was the actual day-to-day operator of, and decision-maker for, the well.

- *In re BP p.l.c. Sec. Litig.*, No. 4:10–md–2185, 2012 WL 432611 (S.D. Tex. Feb. 13, 2012) (the "New York and Ohio Action") (Exhibit 2). In the New York and Ohio Action, Judge Ellison granted in part and denied in part a motion to dismiss a securities fraud complaint arising out of the BP Macondo well explosion. Judge Ellison dismissed securities fraud claims against most of the individual defendants. *Id.* at *52-*56. Judge Ellison sustained the complaint against the BP corporate entities and two BP executives in part because (i) the executives allegedly gave false estimates of the spill rates while in possession of data supporting far higher rates, *id.* at *47-*48; (ii) general statements regarding BP's process safety were rendered misleading when measured against a BP-specific report arising out of a "string of prior safety failures in BP's operations," *id.* at *34-*36; and (iii) BP allegedly misrepresented both the size of the spill that it was prepared to respond to as well as its general spill response capabilities, *id.* at *39-*40. Here, the Amended Complaint includes no similar actionable misstatements or omissions.

- *Foley v. Transocean Ltd.*, No. 10 Civ. 5233(NRB), 2012 WL 933070 (S.D.N.Y. Mar. 20, 2012) (Exhibit 3). In *Foley*, Judge Buchwald of the United States District Court for the Southern District of New York dismissed a similar securities class action against Transocean and certain current and former executive officers on a number of grounds, including that the company's statements regarding commitment to safety and training were immaterial "puffery" and that plaintiff relied upon impermissible "fraud by hindsight" which failed to support the requisite strong inference of scienter. *Id.* at *3 n.7, *10.

2

- *Reese v. Browne*, No. C08-1008MJP (W.D. Wash. Mar. 14, 2012) (Exhibit 4).  In *Reese*, Judge Pechman in the United States District Court for the Western District of Washington dismissed a securities fraud case arising out of a 2006 BP oil spill in Prudhoe Bay, Alaska.  The court held that the complaint failed to adequately allege scienter regarding the defendants' statements about BP's safety and environmental compliance record.  Op. at 19.

Finally, it should be noted that the original motion-to-dismiss briefing in this case principally referred to authority from courts within the Second Circuit.  Now that the case has been transferred to this District, Defendants note that controlling Fifth Circuit precedent differs from that in the Second Circuit in two key areas.[1]  In this Circuit, the group-pleading doctrine has been abolished and a plaintiff may not demonstrate scienter by allegations of motive and opportunity alone.  *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 287 (5th Cir. 2006) (group pleading is not permitted for PSLRA claims); *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430-31 (5th Cir. 2002) ("Allegations of motive and opportunity, standing alone, are no longer sufficient to plead a strong inference of scienter . . . .").  Here, Defendants submit that the Amended Complaint relies on group pleading, without any allegations of any specific individual's knowledge or reckless disregard of the falsity of any statements.  The group pleading issue is addressed at pages 22-23 of Defendants' memorandum of law in support of their motion to dismiss.  [Dkt. No. 35.]  Defendants also submit that the Amended Complaint

---

[1]  A transferee court considering federal claims must follow the decisions in its circuit.  *See Isaac v. Life Investors Ins. Co. of America*, 749 F. Supp. 855, 863 (E.D. Tenn. 1990) ("Therefore, while the law of the transferor forum on federal issues merits close consideration, it is not binding upon the transferee forum.  Instead, each circuit must engage in independent analysis of the issue, and it is only that circuit's decisions, along with the Supreme Court, which bind the district courts in that circuit." (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171 (D.C. Cir. 1987)); *see also* 1A *Federal Procedure, Lawyers Edition* § 1:899 (noting that in a transferred case involving federal claims, "while federal decisions from other circuits merit consideration, a transferee court must follow the decisions in its circuit").

seeks to establish scienter based on allegations of motive and opportunity alone, ignoring plausible, non-culpable explanations for Defendants' alleged conduct. This issue is addressed at pages 26-29 of Defendants' memorandum.

|  |  |
|---|---|
| Dated: May 18, 2012. | Respectfully submitted, |

/s/ *Charles W. Schwartz*
Charles W. Schwartz
Fed. Bar No. 603
Texas Bar No. 17861300
Email: Charles.Schwartz@skadden.com
Skadden, Arps, Slate,
   Meagher & Flom LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002
(713) 655-5160 – Telephone
(713) 483-9160 – Facsimile

*Attorney-in-charge for Defendants*
*Anadarko Petroleum Corporation, James T.*
*Hackett, Robert G. Gwin, and Robert P. Daniels*

*Of Counsel*

Jay B. Kasner
*(Admitted Pro Hac Vice)*
Email: Jay.Kasner@skadden.com
Susan Saltzstein
*(Pro Hac Vice Application Pending)*
Email: Susan.Saltzstein@skadden.com
Skadden, Arps, Slate,
   Meagher & Flom LLP
4 Times Square
New York, New York 10036-6518
(212) 735-3000 – Telephone
(212) 735-2000 – Facsimile

Daniel E. Bolia
Fed. Bar No. 1047602
Texas Bar No. 24064919
Email: Daniel.Bolia@skadden.com
Skadden, Arps, Slate,
   Meagher & Flom LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002
(713) 655-5113 – Telephone
(713) 483-9113 – Facsimile

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 18, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the counsel who have registered with this Court. All others were served a copy via U.S. mail postage prepaid.

                */s/ Charles W. Schwartz*
                Charles W. Schwartz