UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ANADARKO PETROLEUM CORP. CLASS ACTION LITIGATION | Lead Case No. 4:12-CV-00900 <br><br> Honorable Keith P. Ellison |

## ORDER PRELIMINARILY APPROVING
## PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Anadarko Petroleum Corporation Class Action Litigation*, Lead Case No. 4:12-CV-00900 (the "Action");

WHEREAS, (a) Lead Plaintiffs the Pension Trust Fund for Operating Engineers and the Employees' Retirement System of the Government of the Virgin Islands, on behalf of themselves and the Settlement Class (defined below), and (b) defendant Anadarko Petroleum Corporation (together with its affiliates, including Anadarko E&P Company, LP, "Anadarko") and defendants James T. Hackett, Robert G. Gwin, and Robert P. Daniels (collectively, the "Individual Defendants"; and, together with Anadarko, the "Defendants"; and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 16, 2014 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered (a) the First Amended Consolidated Class Action Complaint filed by Lead Plaintiffs in this Action on July 20, 2012; (b) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired Anadarko Securities[1] between June 12, 2009 and June 9, 2010,

---

[1] "Anadarko Securities" means the following securities: Anadarko common stock (CUSIP 032511107), Anadarko Petroleum Corporation 0.000% Senior Unsecured Notes due 10/10/2036 (CUSIP 032511BB2), Anadarko Petroleum Corporation 5.000% Senior Unsecured Notes due 10/1/2012 (CUSIP 032511AU1), Anadarko Petroleum Corporation 5.750% Senior Unsecured Notes due 6/15/2014 (CUSIP 032511BE6), Anadarko Petroleum Corporation 5.950% Senior Unsecured Notes due 9/15/2016 (CUSIP 032511AX5), Anadarko Petroleum Corporation 6.125% Senior Unsecured Notes due 3/15/2012 (CUSIP 032511AT4), Anadarko Petroleum Corporation 6.200% Senior Unsecured Notes due 3/15/2040 (CUSIP 032510AC3), Anadarko Petroleum Corporation 6.450% Senior Unsecured Notes due 9/15/2036 (CUSIP 032511AY3), Anadarko Petroleum Corporation 6.625% Senior Unsecured Notes due 1/15/2028 (CUSIP 032511AM9), Anadarko Petroleum Corporation 6.950% Senior Unsecured Notes due 6/15/2019 (CUSIP 032511BF3), Anadarko Petroleum Corporation 7.000% Senior Unsecured Notes due 11/15/2027 (CUSIP 032511AL1), Anadarko Petroleum Corporation 7.200% Senior Unsecured Notes due 3/15/2029 (CUSIP 032511AN7), Anadarko Petroleum Corporation 7.250% Senior Unsecured Notes due 3/15/2025 (CUSIP 032511AH0), Anadarko Petroleum Corporation 7.250% Senior Unsecured Notes due 11/15/2096 (CUSIP 032511AK3), Anadarko Petroleum Corporation 7.625% Senior Unsecured Notes due 3/15/2014 (CUSIP 032511BD8), Anadarko Petroleum Corporation 7.730% Senior Unsecured Notes due 9/15/2096 (CUSIP 032511AJ6), Anadarko Petroleum Corporation 7.950% Senior Unsecured Notes due 6/15/2039 (CUSIP 032511BG1), Anadarko Petroleum Corporation 8.700% Senior Unsecured Notes due 3/15/2019 (CUSIP 032511BC0), Anadarko Holding Company 7.050% Senior Unsecured Notes due 5/15/2018 (CUSIP 907834AF2), Anadarko Holding Company 7.150% Senior Unsecured Notes due 5/15/2028 (CUSIP 907834AG0), Anadarko Holding Company 7.500% Senior Unsecured Notes due 10/15/2026 (CUSIP 907834AB1), Anadarko Holding Company 7.500% Senior

inclusive (the "Settlement Class Period") and were injured thereby. Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; BP; the Officers and/or directors of Anadarko and/or BP; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant or BP has a controlling interest or which is related to or affiliated with any of the Defendants or BP; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs the Pension

---

Unsecured Notes due 11/1/2096 (CUSIP 907834AC9), Anadarko Holding Company 7.950% Senior Unsecured Notes due 4/15/2029 (CUSIP 907834AJ4), Anadarko Finance Company 6.750% Company Guaranteed Notes due 5/1/2011 (CUSIP 032479AC1), Anadarko Finance Company 7.500% Company Guaranteed Notes due 5/1/2031 (CUSIP 032479AD9), Kerr-McGee Corporation 6.875% Company Guaranteed Notes due 9/15/2011 (CUSIP 492386AS6), Kerr-McGee Corporation 6.950% Company Guaranteed Notes due 7/1/2024 (CUSIP 492386AU1), Kerr-McGee Corporation 7.125% Company Guaranteed Notes due 10/15/2027 (CUSIP 492386AK3) and Kerr-McGee Corporation 7.875% Company Guaranteed Notes due 9/15/2031 (CUSIP 492386AT4).

Trust Fund for Operating Engineers and the Employees' Retirement System of the Government of the Virgin Islands are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on September 11, 2014 at 10:30 a.m. in Courtroom 3A of the United States Courthouse, 515 Rusk Avenue, Houston, TX 77002, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within ten (10) business days of the date of entry of this Order, Anadarko shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security holder lists (consisting of names and addresses) for the Anadarko Securities during the Settlement Class Period, in electronic form;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Anadarko or in the records which Anadarko caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Proof of Claim Form to be posted on a website to be developed for the Settlement, from which Settlement Class Members may download copies of the Notice and Proof of Claim Form;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Proof of Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Proof of Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award an attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules.  The

date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Anadarko Securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to

7

the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the

8

Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.   **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re Anadarko Petroleum Corporation Class Action Litigation*, EXCLUSIONS, c/o the Claims Administrator at the address set forth in the Notice, and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Anadarko Petroleum Corporation Class Action Litigation*, Lead Case No. 4:12-CV-00900"; (iii) identify and state the number of each Anadarko Security (in terms of shares and face value of notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.   Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall

not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of

Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however,* that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  **Lead Counsel**  |  **Defendants' Counsel**  |
| --- | --- |
| Bernstein Litowitz Berger & Grossmann LLP John C. Browne, Esq. 1285 Avenue of the Americas New York, NY 10019 | Skadden, Arps, Slate, Meagher & Flom LLP Charles W. Schwartz, Esq. 1000 Louisiana, Suite 6800 Houston, TX 77002 |

18.     Any objections, filings and other submissions by the objecting Settlement Class Member (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of each Anadarko Security (in terms of shares or face value of notes) that the objecting Settlement Class Member purchased/acquired and/or sold during the

Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.

19.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing, prosecuting, or actively participating in any way in any action asserting any Released Plaintiffs' Claims, either directly, representatively, derivatively or in any other capacity, against each and all of the Defendants' Releasees.  This temporary injunction shall not apply to the derivative action styled *Michael Williams, Derivatively on Behalf of Nominal Defendant Anadarko Petroleum Corp. v. James T. Hackett et al.*, Cause No. 2013-31066, District Court of Harris County, Texas, 215th Judicial District.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.   **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.   **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action on March 4, 2014, as provided in the Stipulation.

25.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any

arguments proffered in connection therewith): (a) shall be offered against any of the Defendants'
Releasees as evidence of, or construed as, or deemed to be evidence of any presumption,
concession, or admission by any of the Defendants' Releasees with respect to the truth of any
fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted
or the deficiency of any defense that has been or could have been asserted in this Action or in
any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any
of the Defendants' Releasees; (b) shall be offered against any of the Plaintiffs' Releasees, as
evidence of a presumption, concession or admission with respect to any liability, negligence,
fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of
the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than
such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be
construed against any of Releasees as an admission, concession, or presumption that the
consideration to be given under the Settlement represents the amount which could be or would
have been recovered after trial; or (d) shall be construed against Plaintiffs' Releasees as an
admission, concession, or presumption that any of their claims are without merit, that any of the
Defendants' Releasees had meritorious defenses, or that damages recoverable under the
Complaint would not have exceeded the Settlement Amount, *provided, however*, that if the
Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel
may refer to it to effectuate the protections from liability granted thereunder or otherwise to
enforce the terms of the Settlement.

26.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in
support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an
award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35)

calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served

no later than seven (7) calendar days prior to the Settlement Hearing.

     27.     The Court retains jurisdiction to consider all further applications arising out of or

connected with the proposed Settlement.

SO ORDERED this _12th_ day of _June_, 2014.

                                   The Honorable Keith P. Ellison
                                   United States District Judge

\# 799273

15

# Exhibit 1

**Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re ANADARKO PETROLEUM CORP. CLASS ACTION LITIGATION | Lead Case No. 4:12-CV-00900<br><br>Honorable Keith P. Ellison |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

_**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**_

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of Texas (the "Court" or the "Texas Court"), if, during the period between June 12, 2009 and June 9, 2010, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired any of the Anadarko Securities listed in the Appendix to this Notice (_see_ last page of Notice) and were injured thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, the Pension Trust Fund for Operating Engineers and the Employees' Retirement System of the Government of the Virgin Islands ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 24 below), have reached a proposed settlement of the Action for $12,500,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Anadarko, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (_see_ ¶ 82 below).**

**Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Anadarko Petroleum Corporation (together with its affiliates, including Anadarko E&P Company, LP, "Anadarko"), James T. Hackett ("Hackett"), Robert G. Gwin ("Gwin"), and Robert P. Daniels ("Daniels") (collectively, the

---

[1]  Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 16, 2014 (the "Stipulation"), which is available at www._____.com.

"Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Anadarko. A more detailed description of the Action is set forth in paragraphs 10-23 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 24 below.

1. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $12,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

2. **Estimate of Average Amount of Recovery Per Share or Note:** Based on Lead Plaintiffs' damages expert's estimates of the number of Anadarko Securities purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible security is $0.03. Settlement Class Members should note, however, that the foregoing average recovery per share or note is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Anadarko Securities they purchased, when and at what prices they purchased/acquired or sold their Anadarko Securities, and the total number of valid claim forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

3. **Average Amount of Damages Per Share or Note:** The Parties do not agree on the average amount of damages per share or note that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

4. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2010, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share or note of Anadarko Securities, if the Court approves Lead Counsel's fee and expense application, is $0.0095 per eligible security.

---

[2] Defendants Hackett, Gwin, and Daniels are collectively referred to herein as the "Individual Defendants".

5.    **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com.

6.    **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and likely appeals that would follow a trial, a process that could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2014.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS RECEIVED NO LATER THAN _____, 2014.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _____, 2014.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2014 AT ___: ___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN _____, 2014.** | Filing a written objection and notice of intention to appear by _____, 2014 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

3

| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
| --- | --- |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .......................................... Page __
What Is This Case About? ............................................. Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? ............. Page __
What Are Lead Plaintiffs' Reasons For The Settlement? ... Page __
What Might Happen If There Were No Settlement? ......... Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement? ............................................ Page __
How Do I Participate In The Settlement?  What Do I Need To Do? ... Page __
How Much Will My Payment Be? ................................... Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? ........................... Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? .................................... Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement? ................................... Page __
What If I Bought Shares On Someone Else's Behalf? ...... Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? ... Page __

## WHY DID I GET THIS NOTICE?

7.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the Anadarko Securities (listed above) during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to so do.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider

the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 73 below for details about the Settlement Hearing, including the date and location of the hearing.

9. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

10. This litigation stems from the April 20, 2010 explosion in the Deepwater Horizon oil rig and subsequent oil spill at the Macondo well.

11. Two class action complaints were filed in the United States District Court for the Southern District of New York (the "New York Court"), which by Order dated November 15, 2010, were consolidated and recaptioned as *In re Anadarko Petroleum Corp. Class Action Litigation*, 10 Civ. 04905 (PGG) and Lead Plaintiffs and Lead Counsel were approved and appointed by the Court.

12. On January 31, 2011, Lead Plaintiffs filed and served their Consolidated Class Action Complaint (the "Consolidated Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, the Consolidated Complaint alleged that Defendants made materially false and misleading statements about Anadarko's management, safety and environmental protection procedures and misled investors about the company's involvement with the Macondo oil well. The Consolidated Complaint further alleged that the prices of Anadarko publicly-traded securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

13. On February 23, 2011, Lead Plaintiffs moved to transfer the consolidated action to the United States District Court for the Southern District of Texas. The motion was fully briefed and, on March 19, 2012, the motion was granted and the Action was transferred to the Texas Court. The Action is now pending in the Texas Court under the caption *In re Anadarko Petroleum Corporation Class Action Litigation*, Lead Case No. 4:12-CV-00900.

14. On March 17, 2011, while the Action was still before New York Court, Defendants served a motion to dismiss the Consolidated Complaint and to strike certain allegations therein. The motion to dismiss was fully briefed but the motion to transfer was granted before a decision on the motion to dismiss was rendered.

15. On July 2, 2012, the Texas Court granted Lead Plaintiffs' unopposed motion for leave to file an amended consolidated complaint. On July 20, 2012, Lead Plaintiffs filed and served the First Amended Consolidated Class Action Complaint (the "Complaint"). The Complaint, like the Consolidated Complaint, asserted claims against all Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Complaint alleged claims substantially similar to those alleged in the Consolidated Complaint but also included allegations based on new information about the oil well spill revealed after the filing of the Consolidated Complaint.

16.   On September 21, 2012, Defendants filed and served a motion to dismiss the Complaint.  The motion was fully briefed and oral argument on the motion was held on April 24, 2013.  On July 15, 2013, the Court entered its Memorandum and Order that granted in part, and denied in part, Defendants' motion.  Based on the Court's Order, the claims against Defendants Hackett and Gwin were dismissed.

17.   On September 23, 2013, Defendants Anadarko and Daniels filed and served an answer to the Complaint.

18.   Lead Plaintiffs continued their investigation into the claims asserted but they also recognized that the Court's decision on the motion to dismiss underscored the risks attendant to this litigation.  While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action.  They began to discuss the possibility of exploring whether a settlement could be reached through a mediation process.  The Parties selected former California Superior and Supreme Court Judge Daniel Weinstein as mediator.  The Parties exchanged detailed mediation statements and exhibits that addressed the issues of both liability and damages which were submitted to Judge Weinstein in advance of a full-day mediation session that occurred on January 28, 2014.  The session ended without any agreement being reached.

19.   Over the course of the next several weeks, Judge Weinstein conducted further discussions with the Parties which culminated in the Parties agreeing to accept Judge Weinstein's recommendation that the Action be settled for $12,500,000.

20.   While Lead Plaintiffs had conducted an intensive investigation into the claims asserted based on publicly available information, they had not yet had access to Defendants' documents.  Therefore, a condition of the agreement in principle to settle the Action, was Anadarko's agreement to provide discovery that would allow Lead Plaintiffs and Lead Counsel to confirm the propriety of the decision to settle on the agreed-to terms.  Review of the documents produced by Defendants has confirmed Lead Plaintiffs' and Lead Counsel's belief that the Settlement is fair, reasonable and adequate.

21.   Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

22.   Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 34 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

23.   On _____, 2014, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
| --- |

24. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired Anadarko Securities between June 12, 2009 and June 9, 2010, inclusive (the "Settlement Class Period") and were injured thereby.

Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; BP p.l.c. and its affiliates, including BP Exploration & Production, Inc. (collectively "BP"); the Officers and/or directors of Anadarko and/or BP; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant or BP has a controlling interest or which is related to or affiliated with any of the Defendants or BP; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What if I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2014.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

25. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. The Court's decision on the motion to dismiss left only one actionable alleged false and misleading statement – Defendants Daniels's May 4, 2010 response to an analyst during an investors' conference call. Moreover, as to the remaining claim, Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery as to that statement. For example, they would assert that the statement was not materially false and misleading, and that even if it were, it was not made with the requisite state of mind to support the securities fraud claim alleged. Indeed, in its July 15, 2013 decision granting in part and denying in part Defendants' motion to dismiss, the Court stated that the inference that Defendant Daniels did *not* act with scienter was "compelling." Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statement would be hotly contested because other disclosures concerning deepwater drilling were made at the time of the alleged disclosure of the alleged fraud. Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

26. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $12,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

27. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

29. As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

31. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 33 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 34 below), and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

33. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of Anadarko Securities during the Settlement Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement, (ii) any claims asserted in the derivative action styled *Michael Williams, Derivatively on Behalf of Nominal Defendant Anadarko Petroleum Corp. v. James T. Hackett et al.*, Cause No. 2013-31066, District Court of Harris County, Texas, 215th Judicial District Action; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

34. "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys.

35. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 37 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 38 below), and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

37. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

38.   "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and any other Settlement Class Member, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

39.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2014**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www._____.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-___-___-____.   Please retain all records of your ownership of and transactions in Anadarko Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

---

### HOW MUCH WILL MY PAYMENT BE?

---

40.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid twelve million five hundred thousand dollars ($12,500,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

43.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

44.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2014 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means

10

that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Defendants' Releasees (as defined in ¶ 34 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

46.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Anadarko Securities held through the ERISA Plan in any Claim Form that they may submit in this Action.   They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA Plan.   Claims based on any ERISA Plan's purchases or acquisitions of Anadarko Securities during the Settlement Class Period may be made by the plan's trustees.   To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

47.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Anadarko Securities during the Settlement Class Period and were injured as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund.   Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.   The only securities that are included in the Settlement are the Anadarko Securities.

## PROPOSED PLAN OF ALLOCATION

50.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.   The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.   Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.   The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

51.   The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis.   Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place.   In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts between June 12, 2009 through and including June 8, 2010, which had the effect of artificially inflating the prices of Anadarko Securities.

52.   In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Anadarko Security.   Alleged corrective disclosures that removed the artificial inflation from the prices of the Anadarko Securities occurred between April 27, 2010 and June 9, 2010. Accordingly, in order to have a Recognized Loss Amount:

      (a)      Anadarko Securities purchased or otherwise acquired from June 12, 2009 through and including April 26, 2010 must have been held through the close of trading on April 26, 2010, the day prior to the first corrective disclosure, and must have suffered a loss.

      (b)      Anadarko Securities purchased or otherwise acquired from April 27, 2010 through and including June 8, 2010, must have suffered a loss.

53.     To the extent a Claimant does not satisfy one of the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Anadarko Securities during the Settlement Class Period that is listed in the Proof of Claim Form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero.

      (a)      For each Anadarko Security purchased or otherwise acquired from June 12, 2009 through and including May 3, 2010, and:

         (i)      Sold prior to the close of trading on April 26, 2010, the Recognized Loss Amount shall be $0.00.

         (ii)     Sold on or after April 27, 2010 through and including the close of trading June 9, 2010, the Recognized Loss Amount shall be 10% of the lesser of (a) the purchase/acquisition price minus the sale price; or (b) the April 26, 2010 Closing Price[3] minus the sale price.

         (iii)    Still held as of the close of trading on June 9, 2010, the Recognized Loss Amount shall be 10% of the lesser of (a) the purchase/acquisition price minus the June 9, 2010 Closing Price[4]; or (b) the April 26, 2010 Closing Price minus the June 9, 2010 Closing Price.

      (b)      For each Anadarko Security purchased or otherwise acquired from May 4, 2010 through and including June 9, 2010, and

         (i)      Sold prior to the close of trading on June 9, 2010, the Recognized Loss Amount shall be the purchase/acquisition price minus the sale price.

         (ii)     Still held as of the close of trading on June 9, 2010, the Recognized Loss Amount shall be the purchase/acquisition price minus the June 9, 2010 Closing Price.

## ADDITIONAL PROVISIONS

55.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 58 below) is $10.00 or greater.

---

[3] The April 26, 2010 Closing Prices for the Anadarko Securities are listed on the Appendix to this Notice.

[4] The June 9, 2010 Closing Prices for the Anadarko Securities are listed on the Appendix to this Notice.

56.     If a Settlement Class Member has more than one purchase/acquisition or sale of an Anadarko Security, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

57.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all of the Anadarko Securities.

58.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

59.     Purchases or acquisitions and sales of Anadarko Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Anadarko Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Anadarko Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Anadarko Securities unless (i) the donor or decedent purchased or otherwise acquired such Anadarko Securities during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Anadarko Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

60.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Anadarko Security.  The date of a "short sale" is deemed to be the date of sale of the Anadarko Security.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in an Anadarko Security, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

61.     Option contracts are not securities eligible to participate in the Settlement.  With respect to Anadarko Securities purchased or sold through the exercise of an option, the purchase/sale date of the Anadarko Security is the exercise date of the option and the purchase/sale price of the Anadarko Security is the exercise price of the option.

62.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Anadarko Securities during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero.  Such Claimants shall in any event be bound by the Settlement.  To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Anadarko Securities during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

63.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Anadarko Securities during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Anadarko Securities purchased or acquired during the Settlement Class Period.

13

the Total Sales Proceeds[6] and Total Holding Value.[7]  This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Anadarko Securities during the Settlement Class Period.

64.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

65.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

66.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www._____.com.

---

[6] The Claims Administrator shall match any sales of Anadarko Securities during the Settlement Class Period, first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Anadarko Securities sold during the Settlement Class Period shall be the "Total Sales Proceeds".

[7] The Claims Administrator shall ascribe a holding value to Anadarko Securities purchased or acquired during the Settlement Class Period and still held as of the close of trading on June 9, 2010, which shall be the June 9, 2010 Closing Price set forth on the Appendix to this Notice.  The total calculated holding values for all Anadarko Securities shall be the Claimant's "Total Holding Value".

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

---

67. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $400,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF?**

---

68. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *In re Anadarko Petroleum Corporation Class Action Litigation*, EXCLUSIONS, c/o _____, P.O. Box ___, _____. The exclusion request must be ***received*** no later than _____, 2014. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Anadarko Petroleum Corporation Class Action Litigation*, Lead Case No. 4:12-CV-00900"; (c) identify and state the number of each Anadarko Security (in terms of shares and face value of notes) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between June 12, 2009 and June 9, 2010, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

69. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

70. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

71. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

72. **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

73. The Settlement Hearing will be held on _____, 2014 at __:__ _.m., before the Honorable Keith P. Ellison at the United States District Court for the Southern District of Texas, United States Courthouse, Courtroom 3A, 515 Rusk Avenue, Houston, TX 77002.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

74. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below on or before _____, 2014.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2014.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | **Bernstein Litowitz Berger &** | **Skadden, Arps, Slate,** |
| Southern District of Texas | **Grossmann LLP** | **Meagher & Flom LLP** |
| Clerk of the Court | John C. Browne, Esq. | Charles W. Schwartz, Esq. |
| United States Courthouse | 1285 Avenue of the Americas | 1000 Louisiana, Suite 6800 |
| 515 Rusk Avenue | New York, NY 10019 | Houston, TX 77002 |
| Houston, TX 77002 | | |

75. Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of each Anadarko Security (in terms of shares or face value of notes) that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between June 12, 2009 and June 9, 2010, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

76. You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

77.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* on or before _____, 2014.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

78.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 74 above so that the notice is *received* on or _____, 2014.

79.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

80.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

81.    If you purchased or otherwise acquired any of the Anadarko Securities (listed in the Appendix to this Notice) between June 12, 2009 and June 9, 2010, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Anadarko Petroleum Corporation Class Action Litigation*, c/o _____, P.O. Box _____, _____.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www._____.com, or by calling the Claims Administrator toll-free at 1-___-___-____.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

82.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston,

17

TX 77002. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www._____.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*In re Anadarko Petroleum Corporation*        and/or                John C. Browne, Esq.
      *Class Action Litigation*                                BERNSTEIN LITOWITZ BERGER
           c/o _____                                  & GROSSMANN LLP
         P.O. Box _____                                  1285 Avenue of the Americas
      _____                                      New York, NY 10019
           800-___-_____                                        (800) 380-8496
      www._____.com                                    blbg@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2014                              By Order of the Court
                                                    United States District Court
                                                    Southern District of Texas

# APPENDIX

| CUSIP | SECURITY | Apr. 26, 2010 Closing Price* | June 9, 2010 Closing Price* |
|---|---|---|---|
| 032511107 | Anadarko Petroleum Corporation Common Stock | $73.18 | $34.83 |
| 032511BB2 | Anadarko Petroleum Corporation 0.000% Senior Unsecured Notes due 10/10/2036 | $28.25 | $27.45 |
| 032511AU1 | Anadarko Petroleum Corporation 5.000% Senior Unsecured Notes due 10/1/2012 | $111.95 | $101.61 |
| 032511BE6 | Anadarko Petroleum Corporation 5.750% Senior Unsecured Notes due 6/15/2014 | $109.27 | $98.88 |
| 032511AX5 | Anadarko Petroleum Corporation 5.950% Senior Unsecured Notes due 9/15/2016 | $110.81 | $88.36 |
| 032511AT4 | Anadarko Petroleum Corporation 6.125% Senior Unsecured Notes due 3/15/2012 | $111.95 | $100.39 |
| 032510AC3 | Anadarko Petroleum Corporation 6.200% Senior Unsecured Notes due 3/15/2040 | $101.47 | $75.00 |
| 032511AY3 | Anadarko Petroleum Corporation 6.450% Senior Unsecured Notes due 9/15/2036 | $103.59 | $76.50 |
| 032511AM9 | Anadarko Petroleum Corporation 6.625% Senior Unsecured Notes due 1/15/2028 | $111.95 | $91.44 |
| 032511BF3 | Anadarko Petroleum Corporation 6.950% Senior Unsecured Notes due 6/15/2019 | $117.22 | $90.50 |
| 032511AL1 | Anadarko Petroleum Corporation 7.000% Senior Unsecured Notes due 11/15/2027 | $110.64 | $92.42 |
| 032511AN7 | Anadarko Petroleum Corporation 7.200% Senior Unsecured Notes due 3/15/2029 | $107.25 | $85.00 |
| 032511AH0 | Anadarko Petroleum Corporation 7.250% Senior Unsecured Notes due 3/15/2025 | $113.83 | $95.30 |
| 032511AK3 | Anadarko Petroleum Corporation 7.250% Senior Unsecured Notes due 11/15/2096 | $111.95 | $85.25 |
| 032511BD8 | Anadarko Petroleum Corporation 7.625% Senior Unsecured Notes due 3/15/2014 | $115.29 | $101.00 |
| 032511AJ6 | Anadarko Petroleum Corporation 7.730% Senior Unsecured Notes due 9/15/2096 | $108.00 | $100.00 |
| 032511BG1 | Anadarko Petroleum Corporation 7.950% Senior Unsecured Notes due 6/15/2039 | $122.24 | $92.89 |
| 032511BC0 | Anadarko Petroleum Corporation 8.700% Senior Unsecured Notes due 3/15/2019 | $125.16 | $102.50 |
| 907834AF2 | Anadarko Holding Company 7.050% Senior Unsecured Notes due 5/15/2018 | $112.31 | $103.00 |

| | | | | |
|---|---|---|---|---|
| 907834AG0 | Anadarko Holding Company 7.150% Senior Unsecured Notes due 5/15/2028 | | $107.50 | $90.00 |
| 907834AB1 | Anadarko Holding Company 7.500% Senior Unsecured Notes due 10/15/2026 | | $111.95 | $91.73 |
| 907834AC9 | Anadarko Holding Company 7.500% Senior Unsecured Notes due 11/1/2096 | | $111.95 | $85.25 |
| 907834AJ4 | Anadarko Holding Company 7.950% Senior Unsecured Notes due 4/15/2029 | | $110.78 | $84.59 |
| 032479AC1 | Anadarko Finance Company 6.750% Company Guaranteed Notes due 5/1/2011 | | $111.95 | $103.59 |
| 032479AD9 | Anadarko Finance Company 7.500% Company Guaranteed Notes due 5/1/2031 | | $115.49 | $95.75 |
| 492386AS6 | Kerr-McGee Corporation 6.875% Company Guaranteed Notes due 9/15/2011 | | $106.27 | $100.34 |
| 492386AU1 | Kerr-McGee Corporation 6.950% Company Guaranteed Notes due 7/1/2024 | | $114.77 | $89.76 |
| 492386AK3 | Kerr-McGee Corporation 7.125% Company Guaranteed Notes due 10/15/2027 | | $111.95 | $88.67 |
| 492386AT4 | Kerr-McGee Corporation 7.875% Company Guaranteed Notes due 9/15/2031 | | $115.18 | $97.89 |

\*   For certain of the listed debt securities, closing price information was not available for the date(s) indicated.  Lead Plaintiffs' damages expert used the best data available to estimate the market prices for those securities.

# 800960

# Exhibit 2

**Exhibit 2**

*In re Anadarko Petroleum Corporation Class Action Litigation*
c/o _____
P.O. Box _____

_____
800-___-_____
www._____.com

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2014**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | |
| PART II – GENERAL INSTRUCTIONS | |
| PART III – SCHEDULE OF TRANSACTIONS IN ANADARKO COMMON STOCK | |
| PART IV – SCHEDULE OF TRANSACTIONS IN ANADARKO NOTES | |
| PART V – RELEASE OF CLAIMS AND SIGNATURE | |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the securities are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                    Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:

Daytime Telephone Number:                          Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Page 2

13.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, _____, at the above address or by toll-free phone at 1-___-___-____, or you may download the documents from www._____.com.

14.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www._____.com or you may email the Claims Administrator's electronic filing department at _____.com. Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at _____.com to inquire about your file and confirm it was received and acceptable.**

## PART III – SCHEDULES OF TRANSACTIONS IN ANADARKO COMMON STOCK

Complete this Part III if and only if you purchased/acquired Anadarko common stock during the period between June 12, 2009 and June 9, 2010, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 5, above. Do not include information in this section regarding securities other than Anadarko common stock.

| 1. BEGINNING HOLDINGS – State the total number of shares of Anadarko common stock held as of the opening of trading on June 12, 2009. If none, write "zero" or "0". | _____ shares | Proof of Position Enclosed  ○ Y   ○ N |
|---|---|---|

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Anadarko common stock from after the opening of trading on June 12, 2009 through and including the close of trading on June 9, 2010.

| Date of Purchase/Acquisition (List Chronologically) MM   DD   YYYY | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share (excluding taxes, commissions and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |

| **3. SALES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale (including free deliveries) of Anadarko common stock from after the opening of trading on June 12, 2009 through and including the close of trading on June 9, 2010. | **IF NONE, CHECK HERE**  ○ |
|---|---|

| Date of Sale (List Chronologically) MM   DD   YYYY | Number of Shares Sold | Sale Price Per Share (excluding taxes, commissions and fees) | Proof of Sale/Conversion Enclosed |
|---|---|---|---|
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |
| /          / | | $ | ○ Y   ○ N |

| **4. ENDING HOLDINGS** – State the total number of shares of Anadarko common stock held as of the close of trading on June 9, 2010.  If none, write "zero" or "0". | _____ shares | Proof of Position Enclosed  ○ Y   ○ N |
|---|---|---|

## PART IV – SCHEDULES OF TRANSACTIONS IN ANADARKO NOTES

Complete this Part IV if and only if you purchased/acquired one or more of the Anadarko Notes listed in the chart below during the period between June 12, 2009 and June 9, 2010, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 5, above.  Do not include information in this section regarding securities other than the Anadarko Notes listed below.

| Security Code | Security Description | CUSIP Number |
|---|---|---|
| N1 | Anadarko Petroleum Corporation 0.000% Senior Unsecured Notes due 10/10/2036 | 032511BB2 |
| N2 | Anadarko Petroleum Corporation 5.000% Senior Unsecured Notes due 10/1/2012 | 032511AU1 |
| N3 | Anadarko Petroleum Corporation 5.750% Senior Unsecured Notes due 6/15/2014 | 032511BE6 |
| N4 | Anadarko Petroleum Corporation 5.950% Senior Unsecured Notes due 9/15/2016 | 032511AX5 |
| N5 | Anadarko Petroleum Corporation 6.125% Senior Unsecured Notes due 3/15/2012 | 032511AT4 |
| N6 | Anadarko Petroleum Corporation 6.200% Senior Unsecured Notes due 3/15/2040 | 032510AC3 |
| N7 | Anadarko Petroleum Corporation 6.450% Senior Unsecured Notes due 9/15/2036 | 032511AY3 |
| N8 | Anadarko Petroleum Corporation 6.625% Senior Unsecured Notes due 1/15/2028 | 032511AM9 |
| N9 | Anadarko Petroleum Corporation 6.950% Senior Unsecured Notes due 6/15/2019 | 032511BF3 |
| N10 | Anadarko Petroleum Corporation 7.000% Senior Unsecured Notes due 11/15/2027 | 032511AL1 |
| N11 | Anadarko Petroleum Corporation 7.200% Senior Unsecured Notes due 3/15/2029 | 032511AN7 |
| N12 | Anadarko Petroleum Corporation 7.250% Senior Unsecured Notes due 3/15/2025 | 032511AH0 |
| N13 | Anadarko Petroleum Corporation 7.250% Senior Unsecured Notes due 11/15/2096 | 032511AK3 |
| N14 | Anadarko Petroleum Corporation 7.625% Senior Unsecured Notes due 3/15/2014 | 032511BD8 |
| N15 | Anadarko Petroleum Corporation 7.730% Senior Unsecured Notes due 9/15/2096 | 032511AJ6 |
| N16 | Anadarko Petroleum Corporation 7.950% Senior Unsecured Notes due 6/15/2039 | 032511BG1 |
| N17 | Anadarko Petroleum Corporation 8.700% Senior Unsecured Notes due 3/15/2019 | 032511BC0 |
| N18 | Anadarko Holding Company 7.050% Senior Unsecured Notes due 5/15/2018 | 907834AF2 |
| N19 | Anadarko Holding Company 7.150% Senior Unsecured Notes due 5/15/2028 | 907834AG0 |
| N20 | Anadarko Holding Company 7.500% Senior Unsecured Notes due 10/15/2026 | 907834AB1 |
| N21 | Anadarko Holding Company 7.500% Senior Unsecured Notes due 11/1/2096 | 907834AC9 |
| N22 | Anadarko Holding Company 7.950% Senior Unsecured Notes due 4/15/2029 | 907834AJ4 |
| N23 | Anadarko Finance Company 6.750% Company Guaranteed Notes due 5/1/2011 | 032479AC1 |
| N24 | Anadarko Finance Company 7.500% Company Guaranteed Notes due 5/1/2031 | 032479AD9 |
| N25 | Kerr-McGee Corporation 6.875% Company Guaranteed Notes due 9/15/2011 | 492386AS6 |
| N26 | Kerr-McGee Corporation 6.950% Company Guaranteed Notes due 7/1/2024 | 492386AU1 |
| N27 | Kerr-McGee Corporation 7.125% Company Guaranteed Notes due 10/15/2027 | 492386AK3 |
| N28 | Kerr-McGee Corporation 7.875% Company Guaranteed Notes due 9/15/2031 | 492386AT4 |

**1. BEGINNING HOLDINGS** – For each Anadarko Note listed in the Chart above for which you had at least one purchase/acquisition during the Settlement Class Period (June 12, 2009 through and including the close of trading on June 9, 2010), state the face value held as of the opening of trading on June 12, 2009.  Please be sure to include the Security Code for each such security held.  If none, write "zero" or "0".

| Security Code (See Chart above) | Face Value Held | Proof of Position Enclosed |
|---|---|---|
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Anadarko Notes from after the opening of trading on June 12, 2009 through and including the close of trading on June 9, 2010.  Please be sure to include the Security Code for each Anadarko Note purchased/acquired.

| Security Code (See Chart above) | Date of Purchase/Acquisition (List Chronologically) MM   DD   YYYY | Face Value Purchased/Acquired | Purchase/Acquisition Price Per Note (excluding taxes, commissions and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| | /        / | $ | $ | ○ Y   ○ N |
| | /        / | $ | $ | ○ Y   ○ N |
| | /        / | $ | $ | ○ Y   ○ N |
| | /        / | $ | $ | ○ Y   ○ N |
| | /        / | $ | $ | ○ Y   ○ N |

| | | | | IF NONE, CHECK HERE |
|---|---|---|---|---|
| **3. SALES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale (including free deliveries) of Anadarko Notes from after the opening of trading on June 12, 2009 through and including the close of trading on June 9, 2010.  Please be sure to include the Security Code for each Anadarko Note sold. | | | | ○ |
| Security Code (See Chart above) | Date of Sale (List Chronologically) MM    DD    YYYY | Face Value Sold | Sale Price Per Note (excluding taxes, commissions and fees) | Proof of Sale Enclosed |
| | /          / | $ | $ | ○ Y   ○ N |
| | /          / | $ | $ | ○ Y   ○ N |
| | /          / | $ | $ | ○ Y   ○ N |
| | /          / | $ | $ | ○ Y   ○ N |
| | /          / | $ | $ | ○ Y   ○ N |

| | | |
|---|---|---|
| **4. ENDING HOLDINGS** – State the face value of Anadarko Notes held as of the close of trading on June 9, 2010.  If none, write "zero" or "0".  Please be sure to include the Security Code for each security held. | | |
| Security Code (See Table above) | Face Value Held | Proof of Position Enclosed |
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |
| | $ | ○ Y   ○ N |

**IF YOU REQUIRE ADDITIONAL SPACE FOR ANY OF THE SCHEDULES ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX □**

## PART V – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, affiliates and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.     that I (we) own(ed) the Anadarko Securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Anadarko Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____      _____
Signature of claimant                                                                                      Date

_____
Print your name here

_____      _____
Signature of joint claimant, if any                                                                    Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____      _____
Signature of person signing on behalf of claimant                                       Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 8 on page ___ of this Claim Form.)

## REMINDER CHECKLIST:

1.  Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Please do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-___-___-___.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or toll-free at 1-___-___-___, or visit www._____.com.  Please DO NOT call Anadarko, any other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2014**, ADDRESSED AS FOLLOWS:

> *In re Anadarko Petroleum Corporation Class Action Litigation*
> c/o _____
> P.O. Box _____
> _____
> 800-___-_____
> www._____.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2014 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# 800961

# Exhibit 3

**Exhibit 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re ANADARKO PETROLEUM CORP. CLASS ACTION LITIGATION | Lead Case No. 4:12-CV-00900<br><br>Honorable Keith P. Ellison |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period between June 12, 2009 and June 9, 2010 inclusive, purchased or otherwise acquired the common stock or any of the other publicly-traded securities of Anadarko ("Anadarko Securities") and were injured thereby (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $12,500,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2014 at __:__ _.m., before the Honorable Keith P. Ellison at the United States District Court for the Southern District of Texas, United States Courthouse, Courtroom 3A, 515 Rusk Avenue, Houston, TX 77002, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 16, 2014 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

---

[1] A complete list of the Anadarko Securities is available at www._____.com. and is set forth in the full printed notice of the settlement referred to below.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and the Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Anadarko Petroleum Corporation Class Action Litigation*, c/o _____, P.O. Box _____, _____, __ _____-____, 1-___-___-____.  Copies of the Notice and Proof of Claim Form can also be downloaded   from   the   website   maintained   by   the   Claims   Administrator, www._____com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Proof of Claim Form *postmarked* no later than _____, 2014.  If you are a Settlement Class Member and do not submit a proper Proof of Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2014, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2014, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Anadarko, or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Proof of Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
John C. Browne, Esq.
1285 Avenue of the Americas
New York, NY 10019
(800) 380-8496
blbg@blbglaw.com

Requests for the Notice and Proof of Claim Form should be made to:

*In re Anadarko Petroleum Corporation Class Action Litigation*
c/o _____
P.O. Box _____

_____
800-___-_____
www._____.com

By Order of the Court

2

#799297